IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| REV. DAVON GORDON, SR., | § | |
| | § | |
| Petitioner Below, | § | No. 481, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| PHIL PARKER, DEPUTY | § | C.A. No. N24M-05-124 |
| WARDEN, H.R.Y.C.I., | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: December 16, 2024
Decided: January 9, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) On November 18, 2024, the appellant, Rev. Davon Gordon, Sr., filed a document deemed to be a notice of appeal from a Superior Court order, dated May 29, 2024 and docketed on May 30, 2024, denying his petition for a writ of habeas corpus. Under Supreme Court Rule 6(a)(i), a timely notice of appeal was due on or before July 1, 2024. The Senior Court Clerk issued a notice directing Gordon to show cause why this appeal should not be dismissed as untimely filed. In his

response to the notice to show cause, Gordon does not explain why this appeal was filed more than five months after issuance of the order appealed.

(2)     Time is a jurisdictional requirement.[1]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3]

(3)     The record does not reflect that Gordon's failure to file a timely notice of appeal of the Superior Court order is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).